PER CURIAM.
We have for review a complaint of The Florida Bar and referee’s report regarding ethical breaches by William F. Daniel. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee’s findings and recommendations.
The Florida Bar (the Bar) on March 11, 1993, filed a complaint charging Daniel with ethical violations arising from the neglect of clients’ legal matters. The Bar filed a motion to deem matters admitted and motion for summary judgment on May 17, 1993. The referee conducted a hearing on the Bar’s motions on January 11, 1994, which Daniel did not attend, and entered an order granting summary judgment in favor of the Bar.
The referee in his report found that Daniel neglected clients’ legal matters in two personal injury cases. The referee made the following recommendation as to guilt:
I recommend that Respondent be found guilty of Rules 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); and 4r-3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client) of the Rules of Professional Conduct of The Florida Bar.
The referee noted that Daniel had received two thirty-day suspensions in 1993 for neglecting clients’ legal matters, and recommended that he be suspended for ninety-one days for his present violations. Daniel filed a petition for review before this Court, raising numerous objections to the referee’s report. Because Daniel has failed to file a separate brief in support of his petition, we will treat the petition itself as his brief.
Daniel claims that the referee’s report is defective for many reasons, including the following: It was based on no transcript of proceedings; the “Referee accepted and rubber stamped all the legal papers and matters submitted to him by The Florida Bar and he therefore deprived Respondent of the essential requirements of law”; the referee entered findings of fact “without one word of testimony or any legal evidence”; the referee entered a recommendation as to guilt “without any fact, evidence or legal basis for such recommendations”; the referee provided to this Court an incomplete record without a transcript; the referee sent all notices regarding costs to the wrong address; the referee “permitted The Florida Bar to run this show.”
We find Daniel’s arguments to be without merit or unsupported by adequate evidence. Accordingly, we approve the referee’s report in its entirety. We hereby suspend William F. Daniel from the practice of law for ninety-one days and thereafter until he shows rehabilitation. The suspension will begin thirty days from the filing of this opinion so that Daniel can close out his practice and protect the interests of existing clients. If Daniel notifies this Court in waiting that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Daniel shall accept no new business from the date this opinion is filed. Judgment for costs in the amount of $1,566.47 is entered in favor of The Florida Bar against William F. Daniel, for which sum let execution issue.
It is so ordered.
*1333 GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
WELLS, J., is recused.